Good afternoon. The next case on the docket is number 520-0118, Carrington v. Godfrey Healthcare & Rehabilitation Center. Arguing for the appellant, Godfrey Healthcare & Rehabilitation, is Jason Selvey. Arguing for the appellee, Sherry Carrington, is Brandon Wise. Each side will have up to 20 minutes for their argument. The appellant will also have up to 5 minutes for rebuttal. You'll see the digital timekeeping device on my screen. When time has expired, I'll hit the gavel. And finally, please remember, no photographs and only the clerk of the court is permitted to record these proceedings. All right, Mr. Selvey, whenever you're ready, you may begin. May it please the court, this matter is straightforward. Godfrey sought to stay pending a decision on a potentially dispositive issue, a defense actually, that it would assert in this action that is currently being adjudicated before the First District. The circuit court abused its discretion in denying that request. The circuit court failed to weigh the competing interests as it was required to. Indeed, there was nothing to weigh. One side had nothing on it. The record shows Godfrey would suffer significant prejudice absent a state, while Ms. Carrington put nothing on the other side of the scale. Accordingly, Godfrey requests that this court reverse the circuit court's ruling and order that this matter be stayed pending the resolution of McDonald. Now, there's one thing I think we can all agree on, and that's what's at issue. There's no dispute as to what McDonald is or to what it will rule on. It's a matter of first impression among the appellate courts in Illinois. In McDonald, the First District will soon rule on whether or not the Workers' Compensation Act's exclusivity provisions preempt claims by employees against employers under the Biometric Information Privacy Act when a violation of their privacy rights is alleged. There's no question that McDonald will be binding on the circuit court in this matter. It's not binding on this court, obviously, but it is binding on the circuit court. And to our knowledge, unless it's happened recently, in this district, there currently is no case pending that will decide this issue. Now, McDonald is obviously a key decision that will influence the defense of this matter. Godfrey anticipates asserting this defense, and if the employer were to prevail in McDonald, that would dispose of the claim for damages in this case. And even if not, even if it rules for the employee, then in that case, it will certainly still streamline the issue because if McDonald is no longer, sorry, if the Workers' Compensation preemption defense is no longer at issue in this case, it will save time and money for the parties and for the court. For those reasons, Godfrey filed a motion to stay in this matter pending the McDonald appeal. The circuit court nevertheless denied it, going outside of the record to find evidence in order to deny the request. Ms. Carrington gave no evidence of prejudice at all. In her case, all she said was we'd have to wait for McDonald. And that's true. That's the very nature of a stay. And as of now, the reply brief in that matter is currently due on, it's either July 16th or the 24th, a request for an extension, and I'm not sure if it was granted. But we're looking at a fully briefed Rule 308 appeal very soon in the first district. Now here on the other side of the scale, Godfrey is going to experience significant prejudice, and frankly it already is, with responding to very extensive discovery in this matter that the circuit court rules could go forward. And here the discovery requests are part of the record. They were actually part, they were filed previously in the circuit court, and there are 57 requests for production and 25 interrogatories, and they go across the spectrum as to all of the issues in this case, including very technical matters such as the source code of the time clock that's at issue, the software for the time clock, any communications Godfrey's personnel have had regarding not just the It's going to be extremely expensive for Godfrey to comply with the court's order and with the discovery request. And if what we've seen so far is any indication in the objections that Godfrey has been required to assert to these requests, then it's going to be very costly, and there's also going to be motion practice that will likely be required. And that's not even including expert discovery that could very possibly have to go forward as well. Looking at plaintiff's requests, she's asking for some very technical information going forward. Now, I'm not going to make a representation as to what exactly will happen with that. However, there is a distinct possibility. And so under these circumstances, the circuit court abused its discretion in denying the state in this matter. And that's because, again, if there's a state, no matter what, no matter which McDonald rules, it will save time for the circuit court, and it will save money for the parties. And that really can't be overestimated. Because again, the number of interrogatories and discovery requests, there are 82 of them that they're facing. And actually, I just like to point out a couple of them. These are in the record. Everything on Godfrey's purchase and implementation of the timeline. All communications related to employee biometric data, biometric identifiers, or biometric information. Information on how the time clock works. Again, the source code and the software. Generally, their timekeeping practices too. And here, when you combine these requests with the class definition, which here includes for the past five years, essentially, all employees who use this time clock that's at issue, these discovery costs are going to be substantial. And here, there is no relief in sight. The circuit court has ruled that the pleading that Godfrey filed in this matter, which was a demand for a bill of particulars, will be held in advance and discovery will continue during the interim. And plaintiffs will be required to answer, if at all, after all discovery is completed in this matter. And again, I just want to go back to, again, it's like a scale here. And as far as an abuse of discretion standard, I'm not going to make a representation that just because, or argument that just because it tips a little bit one way, that's an abuse of discretion. But it is an abuse of discretion when it hits the desk, because there is nothing on the other side. And here, plaintiff, whether she did not file a brief in response to the motion, and at the circuit court, all she said was that it's going to be some time until McDonald's is decided. And that's certainly the case. Now here, there is a claim for monetary damages, but respectfully, it's relatively modest. The most that you can recover under the PIPA is $5,000. And importantly, although that is, you know, for us here, it is real money, but that does not make whole relief. That is statutory liquidated damages that she is requesting. So in other words, it's not like she needs this money to make her whole. It's not like it's being held back from her for that. Instead, it's liquidated damages that she would essentially get should she prevail. And again, she's obviously not prevailing yet. Go ahead, Justice Wharton. Has she suffered any actual damages that, I mean, what are the damages that have been alleged? Here, she does not seek actual damages. I would have to check. She doesn't specifically seek actual damages. She may seek them in the alternative, but she does not allege any in this case. So as far as the actual legal standard, abuse of discretion obviously involves discretion for the judge, but discretion is not boundless. It can't be. Under the relevant case law here, a stay was appropriate and it was an abuse of discretion not to enter one. And again, focusing on this particular case, not about all the other cases out there, not about all the other which is essentially a nursing home in the middle of a pandemic is going to be required to respond to 82 discovery requests across the entire scope of the case. That is an abuse of discretion. And here, the circuit court's ruling ran contrary to the line of Illinois courts that have found that if there is an appellate decision pending, it will be dispositive of the case or at least rule on a significant issue that a stay is appropriate. And here we have an actual potentially dispositive issue. As the fourth district held, and I just want to read a little quote here. In order for a stay to be justified, the overlap between the case at hand and the pending appeal does not have to be complete such that resolution of the appeal is potentially dispositive. It is necessary only that two proceedings share a significant issue. So again, this is from the fourth district. However, as the fourth district reasoned, it's enough if there's even a significant issue that's in common between the cases. Here, it is a dispositive issue. The claim for monetary damages will fail in this case should the employer prevail in the McDonald case before that. Counsel, but it's different. Now, stay may be appropriate, but that doesn't make it mandatory. Correct. Absolutely. I completely agree. And the Kahn case was not one that found it was an abuse of discretion to not enter a stay. And in our courts, sorry, it involved courts finding that it was an abuse of discretion not to enter a stay. And a lot of those were based on the failure to weigh the burdens essentially, which is what we have. By and large, well, not by and large, the plaintiff offered no evidence of prejudice at any time in the proceedings. And the circuit court looked closely at the merits of McDonald and whether or not there could eventually be a conflict between the first and the fifth going forward. And I mean, no one can predict the future, but respectfully, the focus has to be on whether or not the competing interests, how they align and how they weigh. And here, you know, for judicial economy, there have been multiple cases in the districts that have found for that is an abuse of discretion not to enter a state. The Hays v. Victory, Center of Melrose Park case, for example, found that the denial of a motion to stay the outcome of an arbitration was an abuse of discretion because it essentially had the same legal issue going forward in that case, which could be informative of what could happen in the court case. And here, again, we have the same situation, except it's actually the public court that is going to be ruling and telling the circuit court how it needs to find on this particular issue. Another is the John case, for example, where again, that action could decide the other action other than John could decide issues of ultimate fact that could bind the parties for the underlying litigation. And by taking a state, it could avoid piecemeal litigation. And in that case, the second district said that it was an abuse of discretion not to order a state as well. So again, very similar to here, you know, it's not even similar. It's that there's an appellate court here that could order, make an order that would bind the circuit court on this particular legal issue. And this district does not appear to have entered a similar order on these points. Now, I'm not saying there's nothing to the contrary side either. But in the recent Cerro case, which I looked up, and none of the justices on this panel were on that case, apparently. But in the panel put forth what the fifth district looks forward to, what do we look for when we're talking about a state and deciding whether or not it was warranted, and whether or not it was necessary. Now, there are some pretty complicated procedural facts. And I think both parties. But the upshot is this, which is that the fifth district while not saying in that particular case, for lack of an adequate record, essentially, that that it was an abuse of discretion not to was looking at the overwhelming prejudice that would befall the defendant. In that case, should there not be a stay of the trial? Well, was basically was a discovery issue to be ironed out during that time. So again, that's what the district in that case also looked at here. And so again, this is just an issue of the districts have found that for judicial economy and to avoid prejudice to the parties, and upon weighing those relative pros and cons, the benefits and prejudices to each party, that that should be how they decide whether or not a state should be entered. And if you ignore that the scale tips completely one way, that's an abuse of discretion. And here, again, the scale is completely one way, there's nothing on the other side. So for those reasons, the circuit court's decision ran contrary to the rules of all the districts, and it was an abuse of discretion. Now here, I will just add in that that Miss Carrington doesn't provide anything to the contrary. In her brief, she comes, she says some things for the standard, she cites some cases that, you know, I won't get into here, but should should her counsel bring them up, I'll discuss them. But really here, it's just a weighing test. And no matter what, she cannot point to any prejudice that will be a brief weight, just part of any state. And so for those reasons, the court should grant Godfrey's appeal, reverse the circuit court's March 6, 2020 ruling. And this matter should be stayed in its entirety, pending the McDonnell decision. Now I want to move on for a moment to plaintiffs request that this court enter a rule show cause, in this case, based on the defendant taking an improper appeal. And this is in the final two paragraphs of her response brief. The court should reject her request for multiple reasons, not the least of which are, it's unclear exactly what she's arguing. It's procedurally improper. And also it's unsupported in fact. Rule 375 provides that parties provides that a reviewing court may impose a sanction upon a party or an attorney for a party upon the motion of another party or parties. Here there's no motion. This is an afterthought of two paragraphs in response. It should be rejected outright. The request is also substantively basis. It's unclear what she's claiming, whether the appeal is frivolous or whether it's vexatious or harassing or just for the purpose of delay. But no matter what she's claiming, it has no merit. As far as whether it's frivolous, our briefing demonstrates that it's not. And I think I was able to demonstrate that today during the oral argument. She'd have to show it's not reasonably well-grounded in fact and not warranted by existing law. And frankly, here we've demonstrated it's an abuse of discretion. Survey court's denial of the motion to stay. And as far as whether or not it's vexatious or harassing, here Godfrey has filed an appeal because it is going to expend a great deal of money going forward if it has to do this discovery while a potentially dispositive issue is pending before the survey court. Respectfully, that is not vexatious. And to the extent it causes a delay, well, the idea is that it causes a delay in order for that decision to be made. It has nothing to do with causing a delay, just for the sake of delay. In support of her argument, Ms. Carrington cites one case. I'm happy to discuss it if the justices would like to, but it is completely irrelevant to those who are pro se defendants who may have operated essentially under the judicial system. And that is certainly not the case here. So for all those reasons, Godfrey requests that this court deny the invitation to enter a rule to show cause and grant its underlying appeal and stay this matter pending the McDowell decision in the first district. Thank you. Thank you, and you'll have time and reply. Mr. Wise. May it please the court, Brandon Wise here for plaintiff appellee Sherry Carrington. At its core, this is an appeal that seeks to strip the circuit courts of the state of their discretion to manage their dockets. This is a matter that was brought to the circuit court on a stay from another circuit, on a few page motion, asking that this matter be stayed while we wait for another decision. Here, it's well grounded in decades of case law that trial courts have broad discretion to manage their dockets and manage the resources given to them. Multiple cases from this district, albeit in the form nonconvenient setting, clearly recognize that the trial court is the best to determine the use of its resources and what makes sense for judicial economy. Here, I'd like to start with just a little bit of background that comes from Justice Carmeier's opinion in the Rosenbach versus Six Flags case, the only case that has made it to the Illinois Supreme Court looking at the Biometric Information Privacy Act. Justice Carmeier made clear that compliance should not be difficult with BIPA and that whatever expenses a business might incur to meet the law's requirements are likely to be insignificant compared to the substantial and irreversible harm that could result if biometric identifiers and information are not properly safeguarded. That's what we've alleged here. We've alleged that the defendant, even though compliance should not be difficult, has completely failed to comply with the law. Additionally, while the defendant appellant makes multiple statements about how there's no harm, there's no prejudice, it's just a few thousand dollars, it's just a short wait, the trial court looked at many of those issues and essentially found that we don't know if it's going to be a short wait. The transcript makes clear that the trial court considered that this is an issue, as my opposing counsel made clear, that is an issue of first impression. This can see its way to the Illinois Supreme Court. There's been extension after extension requested in the McDonald appeal. We have no indication that it's going to be short, it's going to be quick, or that a decision from the first district will be the end of the line. Additionally, regarding the harm or amount of money, it flies in the face of Illinois Supreme Court precedent to say that there is no harm here. Again, the harm is substantial and irreversible. Regarding the proposed expense, there's no declaration, there's no dollars, there's no hours. All we hear is that it's going to be expensive. That's every case, whether or not there's an appeal pending or not. Discovery is expensive, it's part of the litigation. Whether or not we wait to see what a first district appellate court does, doesn't change the trajectory of this case. Because in the event that the first district would reject the holding of every single trial court, be it state or federal in Illinois, and reverse or find that the Workers' Compensation Act would preempt BIPA claims, which no court has said to date in the 12-year history of this statute, we would still have an appeal right to this court. If the defendant was concerned about having this issue heard, it could have streamlined this litigation by filing its motion, getting a ruling, and appealing that. At this point, they didn't choose to do that. They chose to take an appeal of an abuse of discretion issue. Going to the standard, what this court would have to say is that no reasonable person, no reasonable judge could find that a stay is inappropriate here on an appeal that not a single trial court has said that the Workers' Compensation Act would preempt BIPA claims. It just can't happen. Going through a few other points raised by my opposing counsel, looking at the Serro case, there, the harm was potentially turning over at the 11th hour attorney-client privilege documents. That is prejudicial. That's not only prejudicial to the defendant, but the person who holds the and I think looking at the Kahn case, we raised this in the brief and I raise it again today. Quoting from that case, rather Morrison, which references a federal court case says, typically an appropriate exercise of a court's discretion is to enter a stay in a situation in which a ruling dispositive of a case is pending in another case in which a stay is under consideration or in a separate matter. But the very next sentence says, typically does not mean always, and an appropriate exercise of a court's discretion is not necessarily the only appropriate exercise of a court's discretion. Justice Overstreet, I believe that your words were, that doesn't mean that we're turning this into a mandatory, it's a mandatory stay. What I see happening here is I see this becoming almost like a bankruptcy stay. A defendant walks in and says, there's an appeal on some issue. I think it may be dispositive. Let's stay this case for who knows how long. I'm sure every time it will be quick, or at least that's how they start. Given the briefing schedule in the McDonald appeal, I don't believe that was fully briefed, even though it was a 308 appeal that was certified in December. Here we are, seven, eight months down the road, and we don't have a fully briefed 308 issue on a single issue case. Just further evidence of what kind of delays we're going to see here. I also think that the defendant overlooks much of the case law discussing that we don't get into weighing prejudice if the appeal is deemed frivolous. As the court may be aware, the circuit court here, Judge Dennis Ruth, has 25 years of workers' compensation experience. Stated on the record, it's a matter of public notice, that for four years he was the chairman of the Illinois Workers' Compensation Commission. I would respectfully submit that a review of the hearing transcript makes clear that he was well-versed in the issues that will be brought up in McDonald. And much like Magistrate Eric Long in the Kenko case out of the Central District of Illinois, it makes sense to pull back the curtain a little bit. Judge Long, in denying a motion to stay on the same issue, workers' comp preemption going up on McDonald, stated, without ruling on the question directly, the court concludes that it is unlikely that a state preempts BIPA. Accordingly, it is also unlikely that a stay of the proceedings will streamline the issues for trial or reduce the burden of litigation of the parties. Therefore, Kenko's motion to stay is denied. Myself and Mr. Selvey, we're opposing counsel in the Kenko case. This isn't the first case that this has come up in. This isn't the first case where stays have been denied. I've attached other orders to our brief. And so I think it's almost unfathomable that when we look at a standard that is no reasonable person could rule the same way that the trial court did, that we have multiple other trial courts ruling the exact same way. In the appellant's reply brief, they essentially submit that a weighing of who has more decisions should be would a reasonable person look at the factors, look at the other appeal and consider the prejudice, but also what makes sense for management of the docket and make the case move forward. Here, just like numerous other trial courts did, the circuit court agreed. I also think that when it comes to looking at the trial court statements, I think it's clear that they, the trial court did weigh the prejudice to the plaintiff. There is a prejudice and delay that's made clear by Rosenbach. And so to say that the trial court did no weighing presumes what the trial court took into account when reading the brief filed by the defendant and what was considered an argument. So I think to come in after the fact and talk about the briefing schedule and how it's close, how this isn't going to take much longer, disregards what the trial court was presented with and the questions that were asked that day. I think that this issue, especially based on looking at cases cited like Kahn, which say that while courts, sure. Could the trial court here, like many other trial courts have done, have stayed this case? Yes. Would that have been an abuse of discretion? No. Just like making the case move forward is also not an abuse of discretion. I also think it's important to point out, and this was raised at the hearing, that no trial court in the fifth district, to my knowledge, has entered a stay. And it doesn't make sense to like it does in the first district. If this case was pending before a trial court in the first district, a state could make more sense because there's not then an independent right to reappeal that issue to the first district. Again, like I stated before, I believe that here, whatever the outcome of McDonald is not dispositive of this case, because we would still have a right to appeal to this court. If the first district chooses to disagree with every single state trial court that's ruled on the issue and every single federal district court that has ruled on this issue, to my knowledge. I think that looking at the facts and circumstances, including a second motion for stay, pending this appeal, shows a clear intent to attempt to delay proceedings, to strip plaintiff of a right to a hearing and to discovery, and to ultimately get to the bottom of what has happened with her biometric information and her biometric identifiers. And so I do believe that a 375B rule to show cause order would be appropriate. Unless the panel has any questions, that is the conclusion of my argument. Okay, thank you very much. Mr. Selvey, you have five minutes in reply. All right. Thank you, Justices. Just to briefly respond. Here again, I just have to, I can't stress enough that the scale tips only in one direction. And that's why there is an abuse of discretion here. Now, I'm actually surprised to hear from my opposing counsel, who I know well, and we have cases together for him to now, which wasn't raised at the hearing, wasn't raised really in the briefing, to say that this is all about figuring out what happened to her biometric data. That's not in the record. That's not before the panel. And so that cannot be considered in deciding this. And frankly, this is all just, you know, big allegations at this point from plaintiff. Now, I also just want to kind of get into the, I guess, the procedural aspects of this, because it's apparent to Ms. Carrington that a ruling from the first district would not be Now, a ruling from the first district certainly would not bind the fifth district. No one's arguing that. However, it would be binding on the circuit court. And there is no question of that. And could they take an appeal, the plaintiff in this case, if they were to rule that it was, that there was no, sorry, that there was preemption in that case? I guess they could, but that would be their, you know, their prerogative to do later, if that's the way it that will decide a very important issue in this way. And to say that we should have filed our motion and just waited, again, that would not have been efficient, but this is all for efficiency. And that would have just meant that we went through all these motions and then appealed to this court. And maybe, well, this was pending the first district court. And sure, there would be a fifth district case then. Well, here we will immediately have authority. And maybe this court will one day have that case before them, but they do not right now. As far as the con case, I had urged the panel to look at the part of our brief that's on this. Respectfully, my opposing counsel is distorting what the court said. In those few sentences, a couple of which he doesn't cite, they're actually expanding on Morrison, saying that there are other appropriate uses, including to just a substantial issue, as opposed to this positive issue that in no way limits what con said. It actually expands on Morrison in that case. As far as the amount of time that's proceeding, I'd ask the panel to take judicial notice of the pandemic that has been occurring, which explains exactly why that case has been so long pending and why very many other cases have been so long pending as to right now. I urge the panel to look at this case, this particular case, and the prejudice that will befall this defendant. And the merits are not at issue. I understand we can get into the merits, we can talk about the merits. People have different opinions. And by the way, to the end, trial courts rule in one way, the first district trial court's weighing another. Only one appellate court has said anything about this yet, and they took it on a Rule 308 appeal. And so they've already said, there's room for disagreement on how this can be decided. So respectfully, it's not certain how they're going to rule. They wouldn't have taken it on an interlocutory appeal if it was definitely going to go in one direction. But as far as Judge Ruth's looking at the merits, I believe Judge Ruth obviously has a great deal of experience in workers' compensation law. I would never question that. I would never question his ability to analyze this issue. However, what I would say is that that was not relevant to this decision. This decision was about an abuse of discretion, knowing that the first district would consider the open question of an appellate court who could issue him a binding ruling that was considering the merits as opposed to the relative prejudice that was involved. And again, I completely understand that he certainly knows the area. But on the other hand, that's not what was at issue. And finally, with respect to Magistrate Judge Long, that's a completely different animal. Magistrate Judge Long is not bound by the first district. He can actually take his opinion into account as to how the courts in Illinois would rule. And that's why he could in that case and talk about his thoughts on what would occur. Now, maybe he's right, maybe he's wrong. But that's not the standard that we face in this case in the circuit court. That circuit court will be bound by how the first district works. And in this case, to stay the case will forward judicial economy and appropriately balance the prejudices between the parties. Then it was an abuse of discretion not to grant the state. I ask that you grab this the first district's decision in the McDonald case. Thank you. Thank you very much. Thank you both for your arguments today. We will consider this matter and take it under consideration and issue our ruling in due course. Now, you all have a good afternoon and see you next time.